## Z. DOWDEN *et al.*

### *v.*

## JESSE F. WILSON.

*Filed at Springfield Oct. 1, 1883—Rehearing denied January Term, 1884.*

1. PRACTICE—*remedy of party aggrieved by a decree in vacation.*
Where a cause is taken under advisement by the court, and a decree, order or
judgment therein entered of record in vacation, under sec. 30, chap. 37, Rev.
Stat. 1874, the party objecting thereto should, on or before the second day of
the next succeeding term of the court, enter a motion, on notice to the oppo-
site party, to set aside or modify the same, and if not so set aside or modified
it becomes final.  This statute, by having prescribed a mode of practice in
such a case, must be treated as excluding any other.  Therefore, a motion
made to the judge in vacation to set aside a decree so entered is not allowed.

2. SAME—*entering decree as of the term the cause is submitted.*  Sec.
31, chap. 37, Rev. Stat. 1874, requires the consent of the parties appearing
of record to authorize a decree rendered in vacation to be entered as of the
term at which the cause is submitted, and where the record shows no such
consent, the party objecting will not be deprived of his right to apply to the
court by the second day of the next term for a new hearing, under section 30,
chapter 37.

3. EVIDENCE—*secondary—certified copies of depositions on destruction
of originals.*  Where depositions taken in a cause were destroyed by fire,
and in a second suit, in which the parties and subject matter are identical
with the first, an agreement was made to admit the transcript of the record of
the first suit filed in the Supreme Court, as evidence, which, on application,
was not allowed to be withdrawn, it was *held*, that copies of depositions of a
party in the former suit, duly certified by the clerk of the Supreme Court,
were competent evidence on the hearing of the second suit, and proper to be
considered.

4. FAILURE OF CONSIDERATION—*sale of patent—evidence must estab-
lish defence.*  Where a defence is interposed to the foreclosure of a mortgage
given to secure notes given for the sale of a patent for a wagon brake, that the
patent is worthless, the defendant must prove that fact, and where he has
had ample time to make and test the quality of such brakes at a slight ex-
pense, and does not, and produces no witness that ever saw such brake prac-
tically tested, but relies solely on the opinions of witnesses not shown to be
experts, his defence will not be established.

5. SAME—*must have its foundation in the pleadings, or must be perti-
nent to an issue.*  The allegations in an answer to a bill in chancery, and
proofs, must agree, to render a defence available.  So where an answer to a

bill to foreclose a mortgage to secure notes given on the purchase of a patent contains no allegation that certain representations were made, which were false, to induce the purchase, proof of such fact will not avail as a defence.

6. FRAUD—*in representations usual in commendation of thing sold.* Representations, such as are usual in commending an article sold, can not be relied on as fraud to defeat a suit to recover the price agreed to be paid for the same.

7. RESCISSION FOR FRAUD—*party seeking must place vendor in statu quo.* A party purchasing a patent for the manufacture of a brake to wagons, before he can rescind the contract of sale on the ground of fraudulent representations must first restore or offer to restore the patent to the vendor. He can not hold that and escape paying for the same according to his contract.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. CALVIN H. FREW, for the appellants:

The depositions of Dowden taken in the first suit upon the identical issue in defence in this suit, are legitimate evidence on the hearing of this cause, and being destroyed by fire, secondary evidence of their contents was proper. 1 Greenleaf on Evidence, secs. 82–84, note 2.

This rule does not require that the evidence shall be an exact copy of the whole instrument. *Richley* v. *Farrell,* 69 Ill. 264; *Fisher* v. *Greene,* 95 id. 94.

The transcript of the record filed in the Supreme Court is competent evidence, but when the copy has become a record of a court, an examined copy or a certified copy may be used. 1 Greenleaf on Evidence, sec. 91; *Dickinson* v. *Smith,* 25 Barb. 105; *Robertson* v. *Lynch,* 18 Johns. 451; *Jackson* v. *Cole,* 4 Cow. 595.

The certificate of the evidence, though styled a copy, may well be considered an original for certain purposes. *Cornell* v. *Williams,* 20 Wall. 245; *Radcliff* v. *United Ins. Co.* 7 Johns. 43; *Eagle Manf. Co.* v. *Bradford,* 57 Ga. 249; Reynolds' Stevens on Evidence, 110; *Hoyt* v. *Shipherd,* 70 Ill. 309;

*White et al.* v. *Herrman,* 62 id. 73; *Harding* v. *Larkin et al.* 41 id. 413.

If the patent is not for a new invention, possessing no novelty, it is invalid, and no consideration for a grant. Hindmarch on Patents, 64; *Brown* v. *Guild,* 23 Wall. 181; *Smith* v. *Nichols,* 21 id. 117; *Rubber Tip Pencil Co.* v. *Howard,* 20 id. 498; *Sewall* v. *Jones,* 1 Otto, 91; *Cross* v. *Huntley,* 13 Wend. 386; *Burnham* v. *Brewster,* 1 Vt. 90; *Dickinson* v. *Hall,* 13 Pick. 230.

If the patent is shown to be worthless, no recovery can be had on notes given for the same. *Peck* v. *Farrington,* 9 Wend. 44; *Fallas* v. *Griffith,* Wright, (Ohio,) 303; *Kernodle* v. *Grant,* 4 Blackf. (Ind.) 61; *Dart* v. *Brockway,* 11 Ohio, 471; *Geiger* v. *Cook,* 3 W. & Serg. 270; *Mullikin* v. *Latchum,* 7 Blackf. (Ind.) 138; *Jolliffe* v. *Collins,* 21 Mo. 343; *McClure* v. *Jeffrey,* 8 Ind. 82; *Foss* v. *Richardson,* 11 Mo. 670; *Scott* v. *Sweet et al.* 29 Greene, 224; *Cragin et al.* v. *Fowler et al.* 34 Vt. 326; *Clough* v. *Patrick,* 37 id. 421.

The decree was made in vacation, with the understanding that neither party should thereby waive any of their legal rights. Then, if the court had no authority to grant a rehearing in vacation, the decree entered in vacation was void.

Messrs. TIPTON & GRAY, for the appellee:

There was no error in overruling the motion for a rehearing. Consent can not confer jurisdiction nor authorize a judge in vacation to exercise the power of a court. *Bancroft* v. *Eastman,* 2 Gilm. 264; *Welch* v. *Bynes,* 38 Ill. 20; *Keith et al.* v. *Kellogg et al.* 97 id. 147; *Blair* v. *Reading et al.* 99 id. 600.

Motion for rehearing must be made at the term the decree is rendered, (*Delahay* v. *McConnell et al.* 4 Scam. 156,) and must be had before decree entered. *Hughes et al.* v. *Washington et al.* 65 Ill. 245.

No attempt was made to rescind the contract, nor can the sale be rescinded in this proceeding.    52 N. H. 316; *Buchanan* v. *Harvey*, 12 Ill. 336.

To rescind, the party must offer to put the other party *in statu quo.*    *Barge* v. *Cedar Rapids R. R. Co.* 32 Iowa, 101; *Parker* v. *Marquis*, 64 Mo. 38; *White* v. *Thayer*, 121 Mass. 227; *Barfield* v. *Price*, 40 Cal. 535; *Groves* v. *Sanders*, 3 Otto, 55; *Constant* v. *Chapman*, 3 Moak, 178.

A party can not rescind a contract and at the same time retain the articles purchased.    *Jennings* v. *Gage*, 13 Ill. 610; *Cooley* v. *Bingham*, 1 Metc. 550; *Miner* v. *Bradley*, 22 Pick. 457; *Persley* v. *Balch*, 23 id. 286; *Norton* v. *Young*, 3 Greenlf. 30; *Cushman* v. *Marshall*, 21 Maine, 122; *Sumner* v. *Parker*, 36 N. H. 449; *Scott* v. *Billney*, 40 Miss. 119; *Underwood* v. *West*, 42 Ill. 403; *Larned* v. *Holmes*, 40 Miss. 30; *Harding* v. *Hoodley*, 11 Wheat. 103; *Slaughter* v. *Green*, 13 Wall. 379.

If the admission of the depositions in evidence could not have changed the decree, there was no error in excluding them.

The general rule as to the admission of office copies does not apply to depositions.    *Rex* v. *Howard*, 1 M. Robb. 189.

A copy of a copy is not admissible.    Starkie on Evidence, (9th ed.) 270; 1 Wharton on Evidence, sec. 133, and note 5; *Liebman* v. *Pooley*, 1 Starkie's N. P. 167.

Mr. Justice Walker delivered the opinion of the Court:

Appellee in this case filed a bill in the Ford circuit court, against appellants, to foreclose a mortgage given on a tract of land in that county, to secure three promissory notes, amounting in the aggregate to $1000.    This is a second suit commenced in that court to foreclose the same mortgage. The first bill was filed by the same complainant against the same defendants.    That case was heard, a decree rendered, and appealed to this court, where the decree was reversed,

and the cause ordered to be remanded, but the order was not applied for or issued within two years, and the case became discontinued.

On the trial of this case it was proved that the records and files in the former case were destroyed by the burning of the clerk's office of that court. On the hearing appellants offered and read in evidence copies of two depositions of defendant Dowden, taken and read in evidence on the trial in the former case. The copies were from the transcript of the record in this court, and were properly certified to be true copies by the clerk of this court. They were read on the hearing, subject to the objections of complainant. There had been filed among the papers of this case, at or before the hearing, an agreement between counsel of the respective parties, that counsel for defendants might, on the hearing, read the transcript of the record in this court, but being unable to procure leave to withdraw it for the purpose, on an application he procured the copies thus certified, and complainant's counsel objected because they were copies. In deciding the case the court, it is claimed, declined to consider the copies of these depositions. When the case was heard and submitted at the April term, 1882, the court took the case under advisement, to be decided in vacation, and on the 30th day of August following, a final decree foreclosing the mortgage was filed, entitled of the preceding April term, and recorded by the clerk as of that term. Subsequently appellants' counsel, on the 4th day of October, 1882, applied to the judge in vacation for an order for a rehearing, but the application was denied, and defendants perfected an appeal to the Appellate Court for the Third District, where the decree of foreclosure was affirmed, and they appeal to this court.

The first question we shall consider is, whether the judge erred in refusing, on the application in vacation, to grant a rehearing of the case. We regard the 47th section of chap-

ter 37 as settling the practice in such cases. It provides that where a cause or matter is taken under advisement, and it is decided in vacation, the judgment, decree or order may be entered of record in vacation, but such judgment, decree or order may, for good cause shown, be set aside, or modified, or excepted to at the next term of the court, on motion filed on or before the second day of the term, of which the opposite party, or his attorney, shall have reasonable notice, and if not so set aside or modified, it shall thereupon become final. This section afforded appellants the opportunity, at the December term, 1882, to apply and show cause for setting aside the decree and obtaining a re-trial. The statute does not contemplate such an application in vacation, nor can we see the slightest necessity for such a practice, as all can be had by an application in term time that could be in vacation. Where the statute has prescribed one mode of accomplishing a purpose, which is full and complete, it must be presumed that other modes were intended to be excluded. Nor were defendants deprived of this right by the decree being entitled of, and the clerk recording it as of, the April term. That could be done only as prescribed by the 48th section of the same act. That section requires the consent of the parties to authorize a decree rendered in vacation to be entered as a decree of the term at which the case was submitted and taken under advisement. The record in this case shows no such agreement, and inasmuch as appellants took no steps to set aside the decree at the December term, they have waived all right to have the decree set aside, and to have a re-trial.

Inasmuch as the copies of the depositions of Dowden were read in evidence, they must be considered, unless complainant's objection was well taken. Were they properly admitted under the agreement that the record might be read? We think they were. In substance and in fact there was not a particle of difference between that portion of the transcript

and the true copies that were read. It is a mere quibble to say that they are not the same in substance, or to say that complainant was taken by surprise, or that he sustained a particle of injury by reading the copies instead of the originals as contained in the transcript on file in this court. Although copies were not specifically named in the agreement, they were within the implication and spirit of the agreement, and were properly admitted, and should have been considered by the court below. But we, on an appeal in a chancery case, consider all the evidence properly in the record, and must consider the depositions in connection with the other legitimate evidence in the case.

Having disposed of these preliminary questions, we shall proceed to consider the case on its merits. Does the evidence sustain the decree? There is no question that the notes were given for the purchase of a patent right to a brake for wagons, etc. There was no other consideration for the notes or the mortgage securing them. Had appellants been fully satisfied the brake was worthless, why did they not, in the years that have elapsed since the decree was reversed, have a brake constructed, and its quality fully tested? It would have required but slight expense or trouble. It was not done, and no doubt because it would in all probability have proved to be all that it was represented. None of the witnesses, except one, pretend ever to have seen a brake made from this model, and he only saw it attached to a wagon standing still. It is not probable that he could, from the standing wagon, form a correct opinion as to its working in descending a hill, when its operation would be tested. None of the other witnesses ever saw anything more than the model, and they say that they had seen others that were worked on the same principle, and this was worthless. They only state their opinions. They do not state or explain the principle, or give any reason why it would not work. Although they say they are experts, we fail to see they were.

Again, independent of that, the defence fails for other reasons. It is claimed that the invention was not new, and that fact is proved by the evidence, and not being true, there was a fraud perpetrated on appellants, and the consideration had failed. On turning to the answer we find that no such representation is alleged to have been made when Wilson purchased. The allegations and proofs must agree to render a defence available. Whatever the proofs may establish, there is no allegation in the answer that the patent was represented to be a new invention, and hence this evidence has no application to the answer, as that is not set up as a defence. The other representations were only such as are usual in commending an article for sale, and were not fraudulent, and require no further consideration. Moreover, appellants, so far as we can see from the record, have never offered to release or cancel the deed conveying to them the right to manufacture and vend the brake, nor do they offer in their answer to do so, but so far as we can see they still hold the right to manufacture and vend the brake. Even if there was fraudulent representation set up as a defence, or failure of the consideration in the purchase, appellants should have restored, or offered to restore, the title to the patent to the vendors. They have no right to hold that and escape paying the consideration for the notes and mortgage. What else the proofs may show, there is no allegation or proof that the title was reconveyed, or offered to be reconveyed. This, of itself, precludes appellants from insisting upon the defence

For these reasons the decree of the court below is affirmed.

*Decree affirmed.*

Mr. JUSTICE SCOTT: I do not concur in this opinion.